# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**DEWEY RUSH**,

      Plaintiff,

v.                                       No. 11-CV-810-MCA-GBW

**CITY OF CLOVIS, ET AL.**,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss for Insufficiency of Service of Process*, filed on September 8, 2011. [Doc. 2] Having considered the submissions, the relevant case law, and otherwise being fully advised in the premises, the Court denies Defendants' motion, quashes service of process, and grants Plaintiff until February 20, 2012 to effect proper service.

## I.    BACKGROUND

On August 5, 2011, Plaintiff Dewey Rush filed a *Complaint for Negligence, Assault and Battery, Excessive Use of Force, and Damages for Personal Injury* in the Ninth Judicial District, County of Curry, State of New Mexico against Defendants City of Clovis (the City), the Clovis Police Department, Kyle Grimsley, and William Wanzor. [Doc. 1-1] The complaint alleged, in relevant part, that Clovis police officers Grimsley and Wanzor used excessive and unreasonable force when they arrested Plaintiff for an alleged domestic disturbance. [Doc. 1-1] The docket in the state court action reflects that Plaintiff served

process on the following Defendants in the following manner:

1.    Return of Service on Defendant Clovis Police/Risk Management; Served by Mail on 08/09/2011
2.    Return of Service on Defendant Clovis Police/Steve Sanders; Served Amy on 08/09/2011
3.    Return of Service on Defendant City of Clovis/Joe Thomas; Served Vicki on 08/09/2011
4.    Return of Service on Defendant City of Clovis/Gayla Brumfield; Served Vicki on 08/09/2011

[Doc. 3-1]

On September 8, 2011, Defendants removed the case to this Court on the basis of federal question jurisdiction.  [Doc. 1]  On that same date, Defendants filed *Defendants' Motion to Dismiss for Insufficiency of Service of Process.* [Doc. 2]   In *Defendants' Memorandum Brief In Support of Motion to Dismiss for Insufficiency of Service of Process*, Defendants contend that service of process upon the City was insufficient because Plaintiff failed to serve the city clerk in accordance with NMRA 1-004(H)(1)(g).  Defendants further contend that service of process upon the individual Defendants, Grimsley and Wanzor, was insufficient because "[t]here is nothing to indicate that they have been served by any valid (or even invalid) method whatsoever."  [Doc. 3]

Plaintiff responds that he "has at least 120 days to complete proper service of process" and, therefore, "Defendants' motion is untimely, is not ripe, and should be dismissed." Alternatively, Plaintiff argues that Defendants' motion should be denied because Defendants have avoided personal service of process and have received actual notice of the litigation. [Doc. 7]

2

## II.    DISCUSSION

"Where service of process is attempted prior to removal of an action to federal court, state law determines whether service was valid."  Roscoe v. Schoenberger, No. 95-2270, 1996 WL 346596, at *1 (10th Cir. June 25, 1996) (unpublished opinion); see also Wallace v. Microsoft Corp., 596 F.3d 703, 706 (10th Cir. 2010) (noting that "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal").  Plaintiff attempted to serve Defendants with process before the *Notice of Removal* was filed and, therefore, the validity of service is governed by New Mexico law.

With respect to the City, NMRA 1-004(H)(1)(g) provides that service may be made "upon a municipal corporation by serving a copy of the process to the city clerk, town clerk or village clerk."  Plaintiff concedes that he did not serve a copy of the summons and complaint on the city clerk as required by Rule 1-004(H)(1)(g).  Plaintiff contends, however, that such service of process is excused because the "Defendant City has hidden the identity, and even the existence, of the city clerk to whom process may be served." [Doc. 7 at 3]  New Mexico recognizes an exception to the requirement of personal service of process "where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process."  Clark v. LeBlanc, 593 P.2d 1075, 1076 (N.M. 1979) (holding that service of process by publication is sufficient where the defendant intentionally avoids service of process); see also Edmonds v. Martinez, 215 P.3d 62, 67 (N.M. App. 2009) ("New Mexico does recognize that where a defendant intentionally hides or avoids service,

3

his actions may constitute a waiver of notice.").  Under such circumstances, service of process is governed by Rule 1-004(j), which provides as follows:

> Upon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule, the court may order service by any method or combination of methods, including publication, that is reasonably calculated under all of the circumstances to apprise the defendant of the existence and pendency of the action and afford a reasonable opportunity to appear and defend.

According to the commentary, "[t]his rule provides broad authority for the court to fashion a constitutionally-adequate method of service under any circumstances."

In this case, Plaintiff did not file a motion with the court showing by affidavit that service cannot reasonably be made upon the city clerk as required by Rule 1-004(H)(1)(g) and seeking service by alternate means under Rule 1-004(j).  Because Plaintiff failed to comply with the rules governing service of process in the State of New Mexico, service of process was insufficient.  See Trujillo v. Goodwin, 116 P.3d 839, 841 (N.M. App. 2005) (holding that the trial court lacks "jurisdiction to issue a binding judgment against a party not served in accordance with Rule 1–004 who does not somehow waive the defects in service" and rejecting the plaintiff's claim that "technical deficiencies in the lack of personal service" can be overlooked if the defendant has actual notice of the litigation).

"After the removal of an action from state court . . . the case will proceed as if it originally had been brought in the federal court.  Thus, it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters."  Wallace, 596 F.3d at 706 (internal

quotation marks and citation omitted). The Tenth Circuit Court of Appeals has held that a

plaintiff has 120 days after the date of removal to serve the defendants or perfect defects in

the service of process. Id. at 706-707. The *Notice of Removal* was filed on September 8,

2011 and, therefore, Plaintiff had until January 6, 2012 to serve process on the City in

accordance with Fed. R. Civ. P. 4(j)(2). See Fed. R. Civ. P. 4(j)(2) (providing for service of

process upon a state or local government). However, Plaintiff did not attempt to perfect

service of process within the 120-day time period and, therefore, service of process on the

City was insufficient. See Fed. R. Civ. P. 4(m).

With respect to the individual defendants, Grimsley and Wanzor, NMRA 1-004(F),

provides as follows:

> Personal service of process shall be made upon an individual by delivering a
> copy of a summons and complaint or other process:
> (1)
>> (a)    to the individual personally; or if the individual refuses
>> to accept service, by leaving the process at the location where
>> the individual has been found; and if the individual refuses to
>> receive such copies or permit them to be left, such action shall
>> constitute valid service; or
>> (b)    by mail or commercial courier service as provided in
>> Subparagraph (3) of Paragraph E of this rule.
> (2)    If, after the plaintiff attempts service of process by either of the
> methods of service provided by Subparagraph (1) of this paragraph, the
> defendant has not signed for or accepted service, service may be made by
> delivering a copy of the process to some person residing at the usual place of
> abode of the defendant who is over the age of fifteen (15) years and mailing
> by first class mail to the defendant at the defendant's last known mailing
> address a copy of the process; or
> (3)    If service is not accomplished in accordance with Subparagraphs (1)
> and (2), then service of process may be made by delivering a copy of the
> process at the actual place of business or employment of the defendant to the
> person apparently in charge thereof and by mailing a copy of the summons and

5

complaint by first class mail to the defendant at the defendant's last known
mailing address and at the defendant's actual place of business or employment.

The record reflects that Plaintiff served process on the risk management division of the
Clovis Police Department and the Chief of Clovis Police, Steve Sanders. [Doc. 3-1]
However, service of process at an individual's "actual place of business or employment" is
sufficient under Rule 1-004(F)(3) only if a plaintiff first attempts, unsuccessfully, to serve
the individual in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2). See Edmonds, 215
P.3d at 66.  Additionally, for service to be sufficient under Rule 1-004(F)(3), the plaintiff
must also deliver "a copy of the summons and complaint to the person apparently in charge
of the actual place of business of the defendant *and* mail[] a copy of the summons and
complaint to the defendant *both* at the defendant's last known mailing address and also the
defendant's actual place of business." Id. (Emphasis in original; internal quotation marks
and citation omitted)).  Because Plaintiff did not attempt to serve process on Defendants
Grimsley and Wanzor in accordance with Rule 1-004(F)(1) and (F)(2), and because Plaintiff
did not mail a copy of the process to Grimsley and Wanzor at their last known mailing
addresses and actual places of business or employment, service of process was insufficient
under Rule 1-004(F).

As previously explained, Plaintiff had an opportunity to perfect defects in the service
of process within 120 days after the filing of the *Notice of Removal*.  See Wallace, 596 F.3d
at 706; see also Fed. R. Civ. P. 4(e) (providing for service of process on an individual).
However, Plaintiff did not attempt to perfect service of process within the 120-day time

period.  Accordingly, service of process on Grimsley and Wanzor was insufficient.  See Fed. R. Civ. P. 4(m).

Upon a showing of insufficient service of process, Rule 12(b)(5) of the Federal Rules of Civil Procedure provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process.  See Sampath v. Concurrent Techs. Corp., 227 F.R.D. 399, 401 (W.D. Pa. 2005).  Quashing insufficient service is generally the preferred course of action where there is a reasonable prospect that the defendant can be properly served with sufficient process in a second attempt.  See Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983); Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir. 1992).  Because there is a reasonable prospect that Defendants in this case can be properly served with sufficient process in a second attempt, service of process is quashed and Plaintiff is ordered to effectuate proper service of process on or before February 20, 2012.

## III.   CONCLUSION

For the foregoing reasons, service of process on the City, Wanzor, and Grimsley was insufficient under NMRA 1-004(H)(1)(g) and NMRA 1-004(F).  Because there is a reasonable prospect that Defendants can be served with sufficient service in a second attempt, service of process is quashed and Plaintiff is ordered to effectuate proper service on or before February 20, 2012.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Dismiss for Insufficiency of Service of Process* is **DENIED**.  [Doc. 2]

**IT IS FURTHER ORDERED** that Plaintiff's service of process is **QUASHED** and that Plaintiff shall effect proper service on or before February 20, 2012.

**SO ORDERED** this 3rd day of February, 2012 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge